TO BE PUBLISHED

# Supreme Court of Kentucky

## 2023-SC-0179-KB

BRADLEY STUART SOWELL                                                    MOVANT


V.                              IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                                          RESPONDENT


## OPINION AND ORDER

Bradley Stuart Sowell was admitted to practice in the state of Kentucky on October 21, 2011.  His Kentucky Bar Association ("KBA") member number is 94511, and bar roster address is 316 Paulette Street, Bowling Green, Kentucky, 42104.  He was suspended from the practice of law in 2020.  Sowell seeks reinstatement of his license pursuant to SCR[1] 3.502.  The Board of Governors ("the Board") recommends that Sowell be readmitted to the bar, alongside the recommendation of the Character and Fitness Committee ("the Committee").  Having reviewed the record and considered the findings of the Board and Committee, we agree and grant Sowell's application for reinstatement.

---

[1] Rules of the Supreme Court.

## I. Factual Background

Sowell attended Mississippi School of Law and first entered voluntary treatment of alcoholism in 2008. Upon graduation and returning to Kentucky, Sowell contacted the Kentucky Lawyer Assistance Program ("KYLAP") in an effort to continue his treatment and procured a mentor. Sowell was admitted to the bar on a conditional basis in 2011, with the requirements that he would refrain from alcohol and other substances as well as remain under the supervision of KYLAP. Sowell returned to Mississippi after a revision of the agreement allowing him to do so with the permission of the Office of Bar Admissions ("OBA") and continued his journey with the Lawyers and Judges Assistance Program, the Mississippi program equivalent to KYLAP. Sowell was required to maintain contact with OBA and provide an update every six months, which he failed to do.

Sowell moved back to Kentucky in January 2012 and reconnected with KYLAP. During this time Sowell relapsed. Sowell's monitor through KYLAP issued a report that indicated Sowell had been drinking and suffering from depression whilst going through a divorce. In 2015, Sowell entered into a Supplemental Consent Agreement with OBA, which he violated. The Committee hosted a show cause hearing and voted not to revoke Sowell's license, but rather allow him to enter into another revised Consent Agreement with the understanding that there would be a "zero tolerance" policy going forward for alcohol or any noncompliance. In 2016, Sowell entered a Second Supplement Consent Agreement providing for a review at the end of the

2

monitoring period of one year. Sowell then failed a drug test and was admitted to an in-care patient facility, where he subsequently checked himself out.

In 2016, the OBA Director recommended that Sowell's license be revoked. Sowell continued to work as a paralegal, signing an Interim Resolution Agreement. Eventually, Sowell signed a Third Supplemental Agreement in 2017 with a length of five years. In 2019, Sowell failed a drug test. Sowell was subsequently suspended from practice in 2019 with the condition he not apply for reinstatement for another two years. *Character and Fitness Comm. of Ky. Off. of Bar Admissions v. Sowell*, 599 S.W.3d 439 (Ky. 2020). Sowell filed for reinstatement in 2022.

## II. Analysis

Sowell's reinstatement comes at the recommendation of both the Committee and the Board. In order to be reinstated, Sowell must show by "clear and convincing evidence that he/she possesses the requisite character, fitness and moral qualifications for re-admission to the practice of law." SCR 3.503(1). In making this assessment, we consider if Sowell has complied with the terms of his suspension, SCR 3.503(1)(b); whether he can present clear and convincing evidence that his conduct during his suspension shows that he is worthy of the trust and confidence of the public, SCR 3.503(1)(c); and whether he possesses sufficient professional capabilities to serve the public as an attorney. SCR 3.503(1)(d).

Sowell has been committed to his journey of recovery concerning both addiction and mental health challenges. The circumstances in Sowell's case

are similar to those in *Njuguna v. Ky. Bar Ass'n,* 600 S.W.3d 264 (Ky. 2020). After battling addiction, Njuguna developed a relationship with KYLAP and created positive change through community outreach and hard work, fulfilling his suspension period and adhering to the terms of his KYLAP agreement. *Id.* at 264-65. Like Sowell, Njuguna was recommended for reinstatement by both the Board and the Committee, and that reinstatement was granted unanimously. *Id.* at 265.

Since his failed drug test in 2019, Sowell has been continually compliant with KYLAP demands regarding sobriety and has been completely cooperative throughout. Sowell fulfilled the two-year waiting period suspension mandated before reapplying, using this time to speak at AA meetings and rehabilitation centers. Sowell has also started Victory Lane, a transitional sober living facility in Bowling Green. Sowell has complied with every term of his suspension as well as paving a healthy way forward for both his legal career and personal life.

### III. Conclusion

Therefore, pursuant to SCR 3.503, it is hereby ORDERED that Bradley Sowell's application for reinstatement to the practice of law in the Commonwealth of Kentucky is granted conditioned upon the following:

1. Payment of all costs associated with these proceedings in accordance with SCR 3.503(5), said sum being $210.47;

2. Sowell enters into a Consent Agreement for Conditional Admission pursuant to SCR 2.042;

3. Sowell continues to be monitored by KYLAP for a period of four (4) years; and

4. KYLAP provides quarterly monitoring reports on Sowell's progress to the Character and Fitness Committee and the Office of Bar Admissions.

All sitting. All concur.

ENTERED: August 24, 2023.

_____
CHIEF JUSTICE